# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:05-CR-432-KJD-RJJ |
| v. | 2:14-CV-01931-KJD |
| GARY RUSHWAM, | **ORDER** |
| Defendant. | |

Before the Court is Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#93/95). No response has been filed.

I. Background

In 2006, a jury convicted Defendant of possession of a firearm by a convicted felon (#48). The Court sentenced Defendant to 188 months' imprisonment (#63/65). Defendant appealed (#66), but the Ninth Circuit upheld this Court's judgment. See United States v. Rushwam, 275 Fed. Appx. 684 (9th Cir. Apr. 28, 2008)(unpublished). Defendant filed a § 2255 motion (#78/82/83), which the Court denied (#89). Over two and a half years later, Defendant filed the present motion.

II. Analysis

This is Defendant's second § 2255 motion filed with this Court. 28 U.S.C. § 2255 provides that:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

      (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

      (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The Ninth Circuit has not certified a second or successive motion. Furthermore, even if this question were before the proper panel, it is unlikely that it would be certified.[1] The Court consequently denies Defendant's second § 2255 Motion.

III. Conclusion

Accordingly, it is **HEREBY ORDERED** that Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#93/95) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant is **DENIED** a certificate of appealability.

DATED this __16th__ day of June 2015.

_____
Kent J. Dawson
United States District Judge

---

[1] Defendant argues that he is innocent because he was not living at the location where the guns were found. Defendant also suggests that Descamps v. U.S., 133 S. Ct. 2276, 2280 (2013) created a new rule of constitutional law. This, however, is contrary to Ninth Circuit precedent. See Ezell v. U.S., 778 F.3d 762, 763 (9th Cir. 2015) ("We hold that the Supreme Court did not announce a new rule of constitutional law in Descamps. Rather, it clarified—as a matter of statutory interpretation—application of the ACCA in light of existing precedent.").